**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

NATIONAL SPECIALTY INSURANCE COMPANY,

      Plaintiff,

v.                                 CIVIL ACTION NO.  5:25-cv-00420

TOLLIVER TRANSPORT, INC., and
TOMMY HATFIELD,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending is National Specialty Insurance Company's ("NSIC") Motion to Dismiss Defendant Tommy Hatfield's Counterclaim [ECF 11], filed August 25, 2025. Defendant Tommy Hatfield responded on September 8, 2025, [ECF 14], and NSIC replied on September 12, 2025. [ECF 16]. The matter is ready for adjudication.

**I.**

This action arises from an accident that occurred on March 18, 2023, when a driveshaft fell out of a truck operated by Tolliver Transport ("Tolliver") and landed in a southbound lane on Route 52 in Wyoming County. [ECF 1 ¶ 11]. The driveshaft became stuck under Anthony Easter's vehicle as he was driving southbound on Route 52. [*Id.*]. Mr. Easter's vehicle crossed over the center line and struck a northbound tractor trailer operated by Mr. Hatfield. [*Id.*]. Mr. Easter died, and Mr. Hatfield was injured. [*Id.*; ECF 7 ¶ 2]. Mr. Easter's administratrix brought a lawsuit against Tolliver and, on August 28, 2024, NSIC, as Tolliver's insurer, executed a $1 million

settlement agreement for a release of all claims against Tolliver by Mr. Easter's estate. [*Id.* ¶¶ 12–20].

On March 14, 2025, Mr. Hatfield instituted an action against Tolliver in the Circuit Court of Wyoming County. [*Id.* ¶ 21]. The complaint seeks "medical expenses; lost wages; damages for pain and suffering, emotional distress, and permanency; punitive damages; pre and post judgment interest; and cost[s] and attorneys' fees." [*Id.* ¶ 23]. In May 2025, Mr. Hatfield made a $550,000 settlement demand. [*Id.* ¶ 24.]. NSIC rejected the settlement, asserting that Tolliver's insurance policy ("Tolliver Policy") contained a $1 million per accident liability limit which had been exhausted by the earlier settlement of the lawsuit by Mr. Easter. [*Id.* ¶ 25].

NSIC issued the Tolliver Policy to Tolliver effective from September 7, 2022, to April 25, 2023. [*Id.* ¶ 9]. The policy contains a liability limit of $1 million for "each accident." [*Id.* ¶ 10]. The relevant clause of the policy states:

**SECTION II — COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident". and resulting from the ownership, maintenance or use of a covered "auto". We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\*\*\*

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations.

[*Id.* ¶ 29].

On July 8, 2025, NSIC instituted this declaratory judgment action requesting a determination "that it has no duty to defend or indemnify" Tolliver in the Wyoming County tort action. [*Id.* at 6–7]. NSIC alleges the $1 million per accident liability limit under the Tolliver Policy has been exhausted. [*Id.* ¶¶ 34–35]. On August 4, 2025, Mr. Hatfield filed an Answer and Counterclaim seeking a declaratory judgment that NSIC has violated certain regulations promulgated by the Insurance Commissioner of West Virginia and the West Virginia Unfair Trade Practices Act ("UTPA") pursuant to *West Virginia Code* sections 33-11-1–10. [ECF 7 at 7]. He contends NSIC failed to conduct a prompt and thorough investigation, and a proper investigation would have caused NSIC to recognize that Mr. Hatfield would inevitably be another claimant against Tolliver. [ECF 7 ¶¶ 15–26].

NSIC seeks dismissal of Mr. Hatfield's Counterclaim for failure to state a claim, and also notes "the allegations clearly demonstrate that Hatfield is a third-party claimant and consequently is barred as matter of law from asserting a claim against NSIC for . . . violations of the UTPA pursuant to W. Va. Code § 33-11-4a(a)." [ECF 11 at 1].

## II.

### A. Governing Standard

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson*

3

*v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, the motion to dismiss must be filed before any answer to the complaint is filed. Additionally, and as an aside, any answer must be filed within twenty-one days of the issuance of the summons, except for situations wherein that timeline is enlarged by the court. Fed. R. Civ. P. 12(a).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned,

4

the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678–79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[]

all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### B. Third-Party Claims Against Insurers

Under the UTPA, third parties may not pursue bad faith claims against insurers. W. Va. Code § 33-11-4a(a). The Supreme Court of Appeals of West Virginia has held "a third party has no cause of action against an insurance carrier for common law breach of the implied covenant of good faith and fair dealing or for common law breach of fiduciary duty." *State ex rel. State Auto Prop. Ins. Companies v. Stucky*, 239 W. Va. 729, 734, 806 S.E.2d 160, 165 (2017) (quoting *Elmore v. State Farm Mut. Auto. Ins. Co.*, 202 W. Va. 430, 431, 504 S.E.2d 893, 894 (1998)); *see also S. W. Virginia Paving, Inc. v. Elmo Greer & Sons, LLC*, 691 F. Supp. 2d 677, 679 (S.D. W. Va. 2009). Section 33-11-4a of the UTPA abolished third party bad faith claims against an insurer. W. Va. Code § 33-11-4a(a). The relevant language states "[a] third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice." *Id*.

NSIC contends Mr. Hatfield's allegations in his Counterclaim make clear he is a third-party claimant as defined by the UTPA. [ECF 12 at 7]. This is so because Mr. Hatfield alleges NSIC failed to act in good faith in negotiating a settlement regarding his injuries, and thus he will have to directly engage in litigation with Tolliver as the insured. [*Id.*]. Accordingly, NSIC correctly concludes Mr. Hatfield is a third-party claimant as defined by the UTPA. W. Va. Code § 33-11-4a(j)(1) ("'Third-party claimant' means any individual, corporation, association, partnership or any other legal entity asserting a claim against any individual, corporation, association, partnership or other legal entity insured under an insurance policy or insurance contract for the claim in question.").

6

NSIC contends Mr. Hatfield's claim must be dismissed inasmuch as his UTPA claim may only be brought through the administrative process pursuant to *West Virginia Code* section 33-11-4a(a). The relevant language states:

> A third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice. A third-party claimant's sole remedy against a person for an unfair claims settlement practice or the bad faith settlement of a claim is the filing of an administrative complaint with the Commissioner in accordance with subsection (b) of this section. A third-party claimant may not include allegations of unfair claims settlement practices in any underlying litigation against an insured.

W. Va. Code § 33-11-4a(a). In response, Mr. Hatfield asserts he is entitled to bring an action for declaratory judgment, and that his claim may be a compulsory counterclaim pursuant to the *Federal Rules of Civil Procedure*. [ECF 14 at 2]. Additionally, he contends "he should not be bound by all of the same pleading requirements as a claim for monetary damages under the UTPA." [*Id.* at 3]. Mr. Hatfield provides no supporting authority for this assertion, nor is there any support in the language of section 33-11-4a.

Instead, section 33-11-4a makes clear third-party claimants are limited to bringing UTPA claims through the administrative process. Thus, Mr. Hatfield's counterclaim is not compulsory inasmuch as he is barred from asserting it. The singular count in Mr. Hatfield's Counterclaim is barred by statute. He has thus failed to state a claim. The Court need not address NSIC's remaining contentions.

It is noted West Virginia permits "[a]n injured plaintiff" to "bring a declaratory judgment action against the defendant's insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage." *State ex rel., Piper v. Sanders*, 228 W. Va. 792, 724 S.E.2d 763 (2012) (quoting *Christian v. Sizemore*, 181 W. Va. 628, 629, 383 S.E.2d 810, 810

(1989)); *see also State ex rel. N. River Ins. Co. v. Chafin*, 233 W. Va. 289, 295, 758 S.E.2d 109, 115 (2014); *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 341, 801 S.E.2d 216, 219, n. 4 (2017). Accordingly, Mr. Hatfield would be entitled in the usual course to seek a counter declaratory judgment determining the extent, if any, of NSIC's coverage obligation. Inasmuch as that question necessarily will be decided within the declaratory judgment claim pled here by NSIC, however, it does not appear Mr. Hatfield would have need to file an amended counterclaim to pursue that which will already be adjudicated in the principal controversy.

## III.

For the foregoing reasons, the Court **GRANTS** NSIC's Motion to Dismiss. [**ECF 11**].

The Clerk is directed to transmit copies of this written opinion and order to counsel of record and any unrepresented parties.

ENTER:       March 18, 2026

Frank W. Volk
Chief United States District Judge

8